## SAMUEL JOHNSON *vs.* ALEXANDER PORTER.

Verdict set aside on the motion of plaintiff, because the defendant *conversed with the jurors* after they were sworn; the conversation being unexplained, and the verdict being against the evidence.

TRESPASS; assault and battery. Trial and verdict for plaintiff, six cents damages.

Motion for a new trial on the ground, 1st, That the verdict was against the law and evidence. 2d, For misconduct of the defendant towards the jury, he having conversed with several of them after they were empannelled and sworn. The latter ground was supported by affidavit and sustained by the proof; and the court laid a rule to

show cause why the verdict should not be set aside, and a new trial granted.

*Bayard* for defendant now showed cause. 1st, The question of damages was exclusively for the jury, and the court will never on that ground alone disturb the verdict. 2d, The jury separated several times during the trial by permission of the court, and it may be that the defendant was in casual conversation with some of the jurors. But we object to being called on, merely from that circumstance, to set up either the character of the jury or the innocence of the defendant, until some ground is laid for impeaching it. It was not culpable, though it may have been imprudent, to talk with a juror, unless the conversation had reference to the trial, or tended in some manner to influence the result.

*Per Curiam:*

J. M. Clayton, *Chief Justice.*—This was a case of an aggravated assault and battery. The damages are laid at $5000; and a case of beating a man over the head with an iron poker and in his own house was proved. The verdict was *six cents* damages.

We shall not now decide that this court will, in any case, set aside a verdict for mere inadequacy of damages; and we do not decide the reverse. But in any case where the verdict is strongly against the evidence, and this is accompanied by proof that the party in whose favor the jury has erred has been seen in conversation with them after they were sworn, and he does not promptly account for the conversation, we will set aside the verdict. We throw the burden of exculpation on him. He has no business with the jury, except in court. He ought to keep away from them, and if he will place himself in suspicious circumstances he must be prepared to clear himself from the suspicion, or take the consequences. We will do what we can to keep the streams of justice uncontaminated; and we think that this is one of the most dangerous, as we fear it is one of the most frequent, obstacles to justice.

Rule absolute.

*Wales, R. H. Bayard,* and *Gray,* for plaintiff.
*J. A. Bayard,* for defendant.